No. 2264.—MERCHANTS' MUTUAL INSURANCE COMPANY *v.* LOUISIANA STATE MUTUAL INSURANCE COMPANY and THE CITIZENS' MUTUAL INSURANCE COMPANY.

A *datien en paiement* by an insolvent to one of his creditors with a view of giving an undue advantage or preference over the other creditors may be annulled at the suit of the other creditors, but in such case, if the debt for which the property has been given in payment be a just and valid claim, then and in that case he shall only lose the advantage endeavored to be secured by such contract.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. A. & M. Voorhies,* for plaintiff and appellee. *G. Schmidt,* for defendant and appellee. *Johnson & Dennis,* for defendant and appellant.

TALIAFERRO, J. This suit is brought to annul a sale or *datien en paiement* made by the Citizens' Mutual Insurance Company on the eve of alleged insolvency, and for the purpose, as charged, of giving an undue preference to the Louisiana Mutual Insurance Company over their other creditors. It is shown that the Citizens' Mutual Insurance Company, being indebted to the Louisiana Mutual Insurance Company in the sum of $7591, transferred to the latter six undivided fifty-eighth parts in ownership of the lot of ground and the New Orleans Opera House thereon situated, and four shares of the stock of the Vall( tte Dry Dock Company, for the release of their indebtedness, and for the further consideration of $6000 in cash.

The plaintiff avers that this act of transfer or giving in payment is null for the reasons—

*First*—That the President of the Citizens' Mutual Insurance Company was without right or authority to alienate the real estate of the company.

*Second*—That the subsequent alleged ratification of the act is a nullity, because there was not a quorum of the directors present on the occasion, the meeting being irregular and informal, and without the proper notice.

*Third*—That for some time previous to this transaction the Citizens' Mutual Insurance Company was in a state of actual insolvency, a fact

of which the pretended vendee was well aware. That the transfer of their property under those circumstances operates injuriously to plaintiffs, who are judgment creditors for a large amount of the Citizens' Mutual Insurance Company.

A judgment declaring a forfeiture of the charter of the Citizens' Mutual Insurance Company and appointing a liquidator was rendered by the Fourth District Court on the twenty-sixth December, 1867. This suit to annul was filed in the Fifth District Court on the tenth of March, 1868, and was transferred to the Fourth District Court and cumulated with the proceedings in insolvency.

The liquidator intervened in the action to annul, and prayed that judgment of nullity be rendered, and that the property sold be returned as assets of the insolvent for the benefit of the creditors. There was judgment rendered in favor of the plaintiff annulling the sale and decreeing the property to be sold forthwith at public auction, and from the proceeds that the sum of six thousand dollars be paid over to the Louisiana Mutual Insurance Company, and that that company be placed by the liquidator as an ordinary creditor for the sum of $7591. From this judgment the Louisiana Mutual Insurance Company appealed.

We think there is no force in the first ground taken. By the fourth article of their charter, the Citizens' Mutual Insurance Company, the Board of Directors is to consist of thirteen members. The Board is vested with power "to make and adopt all necessary by-laws, rules and regulations for the government of the company and the transaction of its affairs," etc. The first article of the by-laws provides that five directors shall constitute a quorum for the transaction of business. The meeting which ratified the President's act was composed of five directors.

The sale or *datien en paiement* sought to be annulled was effected on the twelfth of September, 1867. The liquidator testified that the "company commenced to be in insolvent circumstances in the beginning of 1867; that the company went to protest on the ninth of September of that year; that the company up to the time he testified was perfectly insolvent. He knew the fact, because all the stocks of banks owned by the company were pledged to raise money, and every sixty days the note of the company was renewed. That the collections of premiums showed a material decrease in the affairs of the company. That there are acknowledged losses which the company had failed to settle, and he specified certain loans made to the company that remain unpaid.

The President of the Louisiana Mutual Insurance Company, as a witness in behalf of the defendant, states that he knew the Citizens' Mutual Insurance Company was in embarrassed circumstances at the

time of accepting their proposition to transfer the property in question,. but did not know that it was insolvent at that time. He admitted that he had heard of the protest before entering into the contract with the company, but that the secretary of the company had given him an explanation of the matter. He stated under cross examination that he knew the company was in embarrassed circumstances before the protest of its note, ninth of September.

The whole tenor of the evidence makes it clear to our minds that The Citizens' Mutual Insurance Company, at the time of its sale or giving in payment to the Louisiana Mutual Insurance Company of the property now in controversy and for some considerable time previous, was in failing and insolvent circumstances, and that the act was. entered into with the view of securing an advantage in favor of the last named company. We are of opinion that article 1983 [1978] Revised Code is applicable to this case: "But if such fraud consisted merely in the endeavor to obtain a preference over other creditors for the securing of payment of a just debt, under circumstances in which by law the endeavor to obtain such preference is declared to be a con- structive fraud, in such case the party shall only lose the advantage endeavored to be secured by such contract, and shall be reimbursed what he may have given or paid, but without interest, and he shall. restore all advantages he has received from the transaction."

We think the judge a quo erred in ordering a sale of the property. If sold, it might not realize the amount to be refunded to the defend- ant, who is entitled to the full amount he gave. The decree must, therefore, be that the liquidator, acting for the creditors, pay over to the defendant six thousand dollars as a condition precedent to the return of the property as assets of the insolvent company.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed.

It is further ordered and adjudged that the sales and transfers made by the Citizens' Mutual Insurance Company to the Louisiana Insu- rance Company, viz: the one before Edward S. Gottschalk, on the twelfth of September, 1867, of the shares and interest in the New Orleans Opera House, and the other by H. Casterede of the stock of the Vallette Dry Dock Company, on the same day, be annulled and set aside; and that the said property, purporting to have been trans- ferred by said acts, be restored to the liquidator of the Citizens' Mutual Insurance Company for the benefit of the creditors of said company, provided that thereupon or before the said liquidator in the interest of said creditors, pay to the Louisiana Mutual Insurance Com- pany the sum of six thousand dollars, the plaintiff and appellee pay- ing costs of this appeal, the Louisiana Mutual Insurance Company those of. the court below.

Rehearing refused.